UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff<br><br>        v.<br><br>Lonnie Lillard,<br><br>                Defendant | Case No. 2:06-cr-00291-CDS-LRL<br><br>**Order Denying Defendant's Petition for Writ of Error Coram Nobis or Motion to Vacate Judgment, and Motion for Appointment of Counsel**<br><br>[ECF Nos. 317, 321] |

Defendant Lonnie Lillard, currently incarcerated at Sheridan Federal Correctional Institution, filed a pro se petition for writ of error coram nobis or motion to vacate judgment. ECF No. 317. The Government filed a response in opposition (ECF No. 322) to which Lillard replied (ECF No. 323). Lillard has also filed a motion for appointment of counsel. ECF No. 321. For the reasons discussed below, Lillard's motions are denied.

I.      Background

On January 10, 2008, following a four-day trial, the jury found Lillard guilty of three counts of the second superseding indictment, charging wire fraud (count one), in violation of 18 U.S.C. § 1343, conspiracy to commit wire fraud (count two), in violation of 18 U.S.C. § 371, and conspiracy to commit access device fraud (count three), in violation of 18 U.S.C. § 1029(b)(2). Mins. Proceedings, ECF No. 125; Verdict, ECF No. 130. The Court sentenced Lillard to 105 months as to count one; 60 months as to count two; and 84 months as to count three, to run concurrently, for a total of 105 months, with credit for time served. J., ECF No. 180; Am. J., ECF No. 184.

Lillard timely filed a direct appeal after judgment. Notice, ECF No. 183. In relevant part, the Ninth Circuit found that the district court erred in sentencing Lillard to 84 months on count three, in excess of the statutory maximum.[1] Memo., ECF No. 201 at 5. Therefore, Lillard's sentence on count three was vacated and remanded for resentencing. *Id.*

---

[1] "…the statute is clear that the maximum sentence for a violation of 18 U.S.C. § 1029(b)(2) is 60 months. 18 U.S.C. § 1029(b)(2), (c)(1)(A)(i)." ECF No. 201 at 5.

On January 22, 2010, Lillard moved to waive his appearance at the resentencing. ECF No. 209. Lillard requested that "this Court [] enter an amended Judgment and Sentence without him being present in actual court." *Id.* at 3. Lillard asserted that "resentencing would have no real effect on [the] 'overall' sentence he is now serving[]" because the Ninth Circuit had vacated only count three, "thus technically his 105 month sentence is still and would be in place[.]" *Id.* The Court granted Lillard's motion to waive his appearance (Order, ECF No. 210) and, consistent with the direction of the appeal memorandum, resentenced Lillard on count three to a term of 60 months concurrent to the sentences imposed in counts one and two. Tr., ECF No. 260 at 6:12–7:4. An amended judgment was entered on February 4, 2010. Am. J., ECF No. 215. Now, Lillard petitions for writ of error coram nobis or motion to vacate judgment. ECF No. 317.

II.     Discussion

   A. **Writ of error coram nobis**

"The writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Chan*, 792 F.3d 1151, 1153 (9th Cir. 2015). To warrant this extraordinary remedy, the petitioner must show: (1) the unavailability of a more usual remedy; (2) valid reasons for the delay in challenging the conviction; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) an error of the most fundamental character." *United States v. Kroytor*, 977 F.3d 957, 958 (9th Cir. 2020). "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002).

Coram nobis relief is only available where "a more usual remedy is not available." *United States v. Monreal*, 301 F.3d 1127, 1132 (9th Cir. 2002). Where a person is in custody, a more usual remedy is available because relief may be sought under 28 U.S.C. § 2255. *Matus-Leva*, 287 F.3d at 761 ("Because the more usual remedy of a habeas petition is available, the writ of error coram

nobis is not."). "Motions to vacate a sentence under 28 U.S.C. § 2255 are expressly available only to 'a prisoner in custody.'" *United States v. Reves*, 774 F.3d 562, 565 (9th Cir. 2014).

Lillard raises a number of claims in his filing. Lillard argues that "counsel was ineffective for allowing this court to sentence [him] in his absence." ECF No. 317 at 8. He claims that the Court could have lowered his 105-month sentence. *Id.* at 9. Lillard further contends that the petition should be granted because his right to counsel of choice was violated. *Id.* at 13.

The Government asserts that Lillard's motion should be denied because he fails to meet two of the requirements of bringing a successful coram nobis claim. ECF No. 322 at 3. I agree. Lillard has failed to demonstrate that a more usual remedy is not available. Because Lillard is in federal custody he has the "more usual remedy" of seeking relief under 28 U.S.C. § 2255. Generally, "a prisoner in custody under sentence of a federal court claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Davis v. United States*, 417 U.S. 333, 344–45 (1974) (explaining that convictions are generally attacked with a Section 2255 motion). Only the sentencing court has jurisdiction. *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Because Lillard satisfies the custody requirement of Section 2255, the more usual remedy of a habeas corpus petition is available, and Lillard accordingly may not seek coram nobis relief. *See Matus-Leva*, 287 F.3d at 761; *see also Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994) (writ of error coram nobis affords a remedy to attack a criminal conviction after petitioner has served his sentence and is no longer in custody).

### B. Motion for appointment of counsel

Lillard seeks post-conviction relief; however, there is no constitutional right to court appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) ("there is no constitutional

right to counsel at a collateral, post-conviction section 2255 proceeding."). To the extent that a petition for a writ of coram nobis is analogous to a petition for habeas corpus relief, the Sixth Amendment right to counsel does not apply. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("the Sixth Amendment right to counsel does not apply in habeas corpus actions").

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

I find that appointment of counsel is unwarranted in this case. The Ninth Circuit has long noted that counsel should be appointed "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). The issues raised by Lillard are not so complex that he will be unable to navigate them without the appointment of counsel. Lillard has been able to successfully articulate and present his claims. Thus, I do not find exceptional circumstances that warrant the appointment of counsel at this time, and I deny the motion without prejudice.

II.     Conclusion

IT IS THEREFORE ORDERED that Lillard's motion to vacate judgment **[ECF No. 317] is DENIED.**

IT IS FURTHER ORDERED that Lillard's motion for appointment of counsel **[ECF No. 321] is DENIED.**

Dated: July 22, 2024

_____
Cristina D. Silva
United States District Judge